IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **STEVE HESKETT, II, et. al.**, | : | |
| | : | **Case No. 2:11-cv-00890** |
| Plaintiffs, | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | |
| **ATHENS COUNTY, et. al.**, | : | Mag. Judge Elizabeth Preston Deavers |
| | : | |
| Defendants. | : | |
| | : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction (Doc. 16) and Defendants' Motion for Summary Judgment (Doc. 25). For the reasons stated herein the Court lacks subject matter jurisdiction and the action is, thus, **DISMISSED.** Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion for Summary Judgment are both **MOOT.**

**II. BACKGROUND**

Plaintiffs, Steven Heskett II, Steven Heskett Sr., and Heskett Land Development Co., LLC ("HLDC") have brought suit against Defendants Athens County and County Auditor Jill Thompson alleging, under 42 U.S.C. § 1983, violations of the First and Fourteenth Amendments, as well as the Americans With Disabilities Act ("ADA"). Plaintiffs' claims stem from the tax valuation of a parcel of real property located at 177 Pinegrove Drive, Nelsonville, Ohio ("the parcel"), and owned by HLDC. Plaintiffs also filed a Motion for Preliminary Injunction seeking that Defendants be enjoined from proceeding with the foreclosure action on the parcel for the collection of unpaid property taxes.

Plaintiffs purchased the parcel at issue in early 2000 for $115,500.00 through a Sheriff's sale. *Complaint*, Doc 1 at 5. Prior to Plaintiffs' purchase , one of the buildings on the parcel was used as a school building. *Id*. The parcel had enjoyed tax-exempt status while used as a school by its previous owner. *Id*. In approximately June 2000, following Plaintiffs' purchase, Plaintiffs began using the property for religious activities including a "faith-based, non-profit youth camp for disadvantaged children and teens from inner-city Ohio communities." *Id*. At some point, following Plaintiffs' purchase of the parcel, Defendants reassessed the parcel's value. *Id*. Plaintiffs allege that the valuation was conducted without notice and was untimely under state law. *Id*. Plaintiffs also allege that three applications were filed seeking tax exempt status for the parcel at issue, the last of which was filed on December 30, 2010. *Id*. at 6. Defendants maintain, however, that the lone application filed by Plaintiffs was that of December 30, 2010, and that Defendants received no others before or since. *Motion for Summary Judgment*, Doc. 25 at 7. Indeed, Defendants cite to both Plaintiff Steven Heskett Sr.'s and Plaintiff Steven Heskett II's respective depositions as evidence that neither Plaintiff has evidence of filing a tax exempt application prior to December 30, 2010. *Id*. Furthermore, Defendants assert that HLDC was organized as a for-profit organization. There is no evidence that HLDC has ever sought or received tax exempt status as a 501(c)3 from the Internal Revenue Service. *Id*.

On May 29, 2008, a separate foreclosure action against HLDC was instituted by Talbott Consulting, Inc. in Athens County Common Pleas Court to foreclose on the parcel. *Motion for Summary Judgment*, Doc. 25 at 8. On September 15, 2009, the Athens County Treasurer moved to intervene to assert real estate tax liens against the parcel. *Id*. On December 21, 2010, in an Agreed Amended Statement of Facts, Plaintiffs stipulated that: (1) the current property taxes due

2

were $89,553.60; (2) the overdue amount was made based on valuations beginning in 2001; and (3) HLDC filed no written appeals to the County Auditor's valuations under O.R.C. Chapter 57. *Id*.

On October 12, 2011, the Athens County Common Pleas Court entered judgment against HLDC in the amount of $98,078.95 for real property tax liability. *Id*. Following this adverse decision in state court, without appealing the decision, Plaintiffs filed this suit, alleging, under 42 U.S.C. § 1983, violations of the First and Fourteenth Amendments, as well as the Americans with Disabilities Act. Plaintiffs seek injunctive relief and damages. Before the Court is Plaintiffs' Motion for a Preliminary Injunction (Doc. 16). In Defendants' Response (Doc. 17) and Motion for Summary Judgment (Doc. 25) they have alleged this Court lacks subject matter jurisdiction. The issue has been fully briefed and is ripe for adjudication.

### III. STANDARD OF REVIEW

Subject matter jurisdiction is a threshold matter that a court must decide prior to considering a claim's merits. *City of Health, Ohio v. Ashland Oil, Inc.,* 834 F.Supp. 971, 975 (S.D.Ohio 1993). The plaintiff has the burden of proving jurisdiction when subject matter jurisdiction is challenged. *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir.1986). Attacks on subject matter jurisdiction may be either facial attacks or factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598. A facial attack challenges the legal sufficiency of the complaint. When considering such a challenge, the court "must take the material allegations of the petition as true and construe[] [them] in the light most favorable to the nonmoving party." *Id*.

### IV. LAW AND ANALYSIS

Plaintiffs seek to enjoin a tax foreclosure proceeding instituted by Defendant Athens

3

County for nonpayment of delinquent taxes. Essentially, Plaintiffs seek to restrict Defendant Athens County from levying taxes on Plaintiffs' real property. Plaintiffs assert federal question jurisdiction, 28 U.S.C. § 1331, on the basis of their ADA and § 1983 claims. Defendants counter that Congress divested this Court of jurisdiction over a suit seeking to enjoin collection of State taxes under 28 U.S.C. § 1341, Tax Injunction Act (the "TIA").

### A. Tax Injunction Act

Under the TIA, this Court may not "enjoin, suspend or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the court of such State." 28 U.S.C. § 1341. The TIA is intended "to promote comity and to afford states the broadest independence, consistent with the federal constitution, in the administration of their affairs, particularly revenue raising." *Wright v. McClain*, 835 F.2d 143, 144 (6th Cir.1987); *see also Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 378 (6th Cir.1993) (quoting *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 103 (1981)). Where applicable, the TIA acts as a bar to federal jurisdiction. *Hedgepeth v. Tennessee*, 215 F.3d 608, 612 (6th Cir. 2000); *see also Wenz v. Rossford Ohio Transp. Improvement Dist.*, 392 F. Supp. 2d 931, 935 (N.D. Ohio 2005).

As the Sixth Circuit has noted, "[t]he TIA has been interpreted broadly to bar suits for declaratory relief, injunctive relief, as well as monetary relief when there is an adequate remedy in state court." *Hedgepeth*, 215 F.3d at 612 n. 4 (citing *California v. Grace Brethren Church,* 457 U.S. 393, 408-10 (1982) and *Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n,* 515 U.S. 582, 586-88 (1995)). Similarly, in *Thiokol Corp.* the Sixth Circuit found that, although the TIA only specifically mentions injunctions, it also bars declaratory actions and suits seeking

4

damages under 42 U.S.C. § 1983. 987 F.2d at 378. *See also California v. Grace Brethren Church,* 456 U.S. at 407-411 (holding that the TIA precludes district courts from awarding declaratory judgments).

Generally, the TIA acts to bar jurisdiction even where Plaintiff alleges civil rights or constitutional claims. *See Hedgepeth*, 215 F.3d at 610 (finding the TIA applicable and thus granting dismissal for lack of subject matter jurisdiction where plaintiff's suit included claims under the Americans with Disabilities Act); *see also Thiokol Corp.*, 987 F.2d at 378 ("This exclusion of federal courts from the state taxation area is so far reaching it precludes federal courts from declaring state tax laws unconstitutional."). Jurisdiction depends on whether the relief sought requires the federal court to 'enjoin, suspend or restrain the assessment, levy or collection of any tax under State law, not on whether a state tax law allegedly violates a federal statute or constitutional provision. *See Hibbs v. Winn,* 542 U.S. 88, 99 (2004) ("To determine whether this litigation falls within the TIA's prohibition, it is appropriate, first, to identify the relief sought.").

### 1. The Assessment at Issue is a "Tax"

The TIA applies only where the challenged assessment is a "tax." The Sixth Circuit holds that taxes are assessments made for revenue purposes, as opposed to fees which are assessments made for regulatory or punitive purposes. *See Hedgepeth*, 215 F.3d at 612; *see also Am. Landfill, Inc. v. Stark/Tuscarawas/Wayne Joint Mgmt. Dist.*, 166 F.3d 835, 837 (6th Cir. 1999). The Sixth Circuit has adopted a three-factor test to determine whether an assessment is a tax or a fee: "(1) the entity that imposes the assessment; (2) the parties upon whom the assessment is imposed; and (3) whether the assessment is expended for general public purposes,

5

or used for the regulation or benefit of the parties upon whom the assessment is imposed." *American Landfill*, 166 F.3d at 837; *see also Hedgepeth*, 215 F.3d at 612.  The "predominant factor" in determining whether an assessment is a tax or a fee is "the revenue's ultimate use." *Hedgepeth*, 215 F.3d at 612.  "Where the ultimate use is to provide a general public benefit, the assessment is likely a tax, while an assessment that provides a more narrow benefit…is likely a fee." *Am. Landfill*, 166 F.3d at 838 (internal citations omitted); *see also Wenz*, 392 F. Supp. 2d at 936.  Simply because the tax at issue has been transformed into a debt for purposes of collection by virtue of State statute does not serve to transform the tax into a debt. *See, e.g.*, *Brown Bark I, L.P. v. Traverse City Light & Power Dept.*, 736 F. Supp. 2d 1099, 1113 (W.D. Mich. 2010) aff'd, 10-2644, 2012 WL 3871889 (6th Cir. 2012) (citing *Levine v. Levine*, 209 F.Supp. 564, 566–67 (D.Del.1962)).

Although Plaintiffs style their action as a discrimination suit under the ADA and § 1983, the suit is, ultimately, a challenge to a State court judgment entered against Plaintiffs in the amount of $98,078.95 for real estate tax liability, under Ohio Revised Code 2329.01. *See Defendants' Memorandum in Opposition*, Doc 17, at 2.  The challenged assessment is a "tax" under the TIA definition and Sixth Circuit law.  The money Plaintiffs owe was levied on their real property by the State of Ohio and the amount calculated using the County Auditor's statutory property valuations, as defined in Ohio Revised Code Chapter 57.  The tax does not regulate or punish land owners.  It is imposed on broad class of landowners and there is no benefit given to those assessed, beyond the benefit to the general public.  Thus, the assessment in question is not a fee, but a tax for general revenue raising purposes that benefit the general public.

### 2. The Challenged Tax Foreclosure Proceeding is a "Collection" of a Tax under the TIA.

The foreclosure action Plaintiffs challenge is actually a "collection" of a tax, rather than a standard foreclosure. *See, e.g.*, *Dixon v. Oisten*, 62 F. App'x 105, 105 (6th Cir. 2003) (holding the TIA barred a claim challenging the manner in which the tax foreclosure was carried out where the plaintiff claimed the foreclosure was without due process); *Johnson v. Mich. Dep't of Treasury*, No. 99-1730, 2000 WL 571916, at *2 (6th Cir. May 4, 2000) (holding the TIA barred plaintiff's claim that he was denied due process because he did not receive notice of the tax foreclosure on his home); *see also Anderson v. County of Wayne*, 10-13708, 2011 WL 2470467 at *7 (E.D. Mich. June 20, 2011) (finding that "[t]he Sixth Circuit has held that the TIA bars claims challenging the manner in which tax foreclosures are carried out[]" and finding a similar claim barred by the TIA in the present case).

Plaintiffs here are the subject of an Ohio tax foreclosure proceeding. Despite Plaintiffs' claims of discrimination, it is precisely that foreclosure proceeding the Plaintiffs challenge. *See Defendants' Memorandum in Opposition*, Doc 17, at 5. Ohio Revised Code Section 2327.02(C) expressly sanctions foreclosure sales as a means for the State to collect. Thus, the foreclosure proceeding at issue is, for purposes of the TIA, a "collection" of a tax under Sixth Circuit law.

### 3. A "Plain, Speedy, and Efficient" State Remedy is Available

Although the foreclosure action at issue is, in fact, a tax collection, the TIA only bars Plaintiffs' claims if there is a state remedy that is "plain, speedy, and efficient." 28 U.S.C. §1341. Federal courts are instructed to construe narrowly the "no plain, speedy, and efficient remedy" exception to the TIA. *See California v. Grace Brethren Church*, 457 U.S. at 413 (1982). The TIA requires only that state court remedies meet "certain minimal procedural

criteria." *See Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512 (1981). Where Plaintiff can bring his claims in an administrative proceeding and receive review by Ohio courts, such state remedies have been found sufficient as "plain, speedy, and efficient" under the TIA. *See, e.g.*, *Aluminum Co. of Am. v. Dep't of Treasury*, 522 F.2d 1120, 1125 (6th Cir. 1975); *see also Wenz,* 392 F. Supp. 2d at 937. State remedies meet this requirement where they "provide the taxpayer with a full hearing and judicial determination at which the taxpayer may raise any federal constitutional objections to the tax." *Chippewa Trading Co v. Cox*, 365 F.3d 538, 544 (discussing the comity doctrine's "plain, adequate, and complete remedy" requirement and determining it to be essentially equivalent to the "plain, speedy, and efficient remedy" requirement of the TIA under *Fair Assessment*, 454 U.S. at 116).

The Sixth Circuit has held that even where a plaintiff allows a plain, speedy, and efficient remedy to elapse, such a remedy still satisfies the TIA. *See, e.g.*, *Johnson*, 2000 WL 571916 at *2 (finding adequate state remedies available even where plaintiff failed to take advantage of them, thus barring his claim under the TIA); *Aluminum Co. of Am. V. Dep't of Treasury*, 522 F.2d 1120, 1125 (6th Cir. 1975); *see also, e.g.*, *Wenz,* 392 F. Supp. 2d at 937 (Plaintiffs' failure to timely bring a claim in administrative or other state proceedings does not make the state remedy inadequate); *Anderson v. County of Wayne*, 10-13708, 2011 WL 2470467 at *7 (E.D. Mich. June 20, 2011) (plaintiffs had a plain, speedy, and efficient state remedy where they could have (1) paid the delinquent taxes; (2) participated in the public foreclosure auctions; or (3) challenged the foreclosure ruling in state court, thus the suit was barred by the TIA).

Here, Plaintiffs had multiple plain, speedy, and efficient remedies available under state law. First, under O.R.C. 5715.27(A) and procedures set forth in O.R.C. Chapter 5713, taxpayers

may file for tax exempt status. Indeed, the parties agree that at least one such tax exemption application was filed and considered by the State Tax Commissioner. *See Defendants' Memorandum in Opposition*, Doc 17, at 7. Additionally, procedures for challenging a real estate tax valuation are set forth under O.R.C. § 5715.19(A)(1). Plaintiffs admit that they did not file a written appeal to the property valuations at issue. *See Defendants' Memorandum in Opposition*, Doc 17, at 2.

Moreover, Plaintiffs had recourse to State courts and did, in fact, challenge the tax foreclosure in State court. The challenge was unsuccessful and Plaintiffs have not appealed the judgment of the Athens County Court of Common Pleas. *See Defendants' Motion for Summary Judgment* at Exh. 2, Decision in *Talbot Consulting Inc. v. Heskett Land Development Company, LLC*. Simply because Plaintiffs have not availed themselves of a remedy or because they have received an adverse determination, however, does not make the remedy insufficiently plain, speedy, or efficient under the TIA or Sixth Circuit precedent.

The record demonstrates that Plaintiffs have had ample opportunity for due process at the state level, in both administrative and judicial proceedings, on their challenges to the tax assessment and collection which have resulted in the tax foreclosure at issue. These remedies exceed minimal procedural requirements mandated by the Sixth Circuit. The state remedies here are sufficiently "plain, speedy, and efficient" to satisfy the requirements of the TIA and, thus, divest this Court of jurisdiction over Plaintiffs' challenge.[1]

---

[1] Although this decision does not address the broader doctrine of comity, it is noted that the federal common law doctrine of comity would also yield dismissal of Plaintiffs' action. Comity doctrine "reflects some of the same concerns that led Congress to enact the Tax Injunction Act," but "stands on its own bottom, and extends to cases seeking monetary damages as well as injunctive or other equitable relief." *Chippewa Trading Co. v. Cox,* 365 F.3d 538, 541 (6th Cir. 2004). Analysis under the doctrine asks the same questions as in a TIA analysis; the doctrine of comity, however, is broader. *See id.* More specifically, in *Fair Assessment,* the Supreme Court held that under §

Nevertheless, Plaintiffs argue that the Supreme Court's decision in *Hibbs v. Winn* allows their claim to proceed in federal court notwithstanding the TIA. 542 U.S. 88 (2004). *Hibbs*, however, is inapplicable to Plaintiffs' suit. The *Hibbs* Plaintiff challenged the constitutionality of a state statute that provided tax *credits* to third parties attending private religious schools. *See Hibbs,* 542 U.S. at 92. The Supreme Court distinguished the case in the opinion, stating that "Plaintiffs-respondents do not contest their own tax liability. Nor do they seek to impede Arizona's receipt of tax revenues." *Id.* Based on those facts, the Court held that the TIA did not bar the claim. *See id.* at 111-12. In this case, Plaintiffs seek relief from state tax laws under which Plaintiffs themselves have incurred liability. Additionally, the relief Plaintiffs seek here, as opposed to that sought in *Hibbs*, would involve the "disruption of 'state tax administration' . . . specifically in relation to 'the collection of revenue.'" *Hibbs,* 542 U.S. at 105 (quoting *California v. Grace Brethren Church,* 457 U.S. at 410). Thus, *Hibbs* case bears little resemblance to this case, and does not lift the TIA's jurisdictional bar to Plaintiffs' claims.

### B. FRCP 12(h)(3) Requires Dismissal for Lack of Subject Matter Jurisdiction

The Federal Rules of Civil Procedures require that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). Since the TIA is a jurisdictional bar to suit in federal courts, it deprives this court of subject matter jurisdiction.[2] Neither does this Court have

---

1983 federal courts may not award damages in state tax cases when state law provides an adequate remedy. 454 U.S. at 116. Although the judge-made doctrine of comity requires that there be a "plain, adequate, and complete" state remedy to bar jurisdiction, the Supreme Court has held that there is "no significant difference" between the TIA's "plain, speedy, and efficient remedy" requirement and the "plain, adequate, and complete" state remedy requirement. *See Fair Assessment,* 454 U.S. at 116 n. 8. While comity analysis would likely require the Court to dismiss Plaintiffs' suit as well, the Court chooses to dismiss this case on the narrower grounds of the TIA.

[2] Under Sixth Circuit precedent, this action is properly dismissed in its entirety, notwithstanding Plaintiffs' claims for damages as well as injunctive relief. *See, e.g.*, *Hedgepeth*, 215 F.3d at 610 (upholding motion to dismiss for lack

supplemental jurisdiction over Plaintiffs' suit because no federal question remains and there is no diversity between the parties. Thus, this Court also lacks supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367; 28 U.S.C. § 1332. Therefore, Plaintiffs' suit must be dismissed.

## V. CONCLUSION

For the reasons stated herein the Court lacks subject matter jurisdiction and the action is, hereby, **DISMISSED.** Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion for Summary Judgment are both **MOOT.**

**IT IS SO ORDERED.**

                                                      s/ Algenon L. Marbley
                                                      **ALGENON L. MARBLEY**
                                                      **UNITED STATES DISTRICT JUDGE**

**DATED: March 19, 2013**

---

of subject matter jurisdiction under the TIA where plaintiff brought an action in part for alleged violations of the Americans with Disabilities Act and sought compensatory relief); *Wenz,* 392 F.Supp.2d at 934 (upholding motion to dismiss for lack of subject matter jurisdiction under the TIA where plaintiff sought compensatory relief under 42 U.S.C § 1983; *see also Thiokol Corp.*, 987 F.2d at 378 ("Although the TIA mentions only injunctions, its policy of comity bars declaratory and 42 U.S.C § 1983 damage actions as well) (citing *Fair Assessment*, 454 U.S. 100 at 105).